UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JORGE VALENZUELA-FONSECA,<br><br>           Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>           Respondent. | NO. CR-04-6036-EFS<br>NO. CV-07-5060-EFS<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND MOTION FOR APPOINTMENT OF COUNSEL** |

Before the Court, without oral argument, is *pro se* Petitioner Jorge Valenzuela-Fonseca's Motion to Vacate, Set Aside, or Correct Sentence (Ct. Rec. 47) and Motion for Appointment of Counsel for Direct Appeal (Ct. Rec. 58). After reviewing the submitted material, the Court is fully informed and denies Petitioner's motions. The reasons for the Court's Order are set forth below.

## I. Background

In September 2004, Petitioner was charged with Alien in the United States after Deportation, in violation of 8 U.S.C. § 1326. (Ct. Rec. 1.) On August 24, 2005, Petitioner pleaded guilty to the sole count in the Indictment. (Ct. Rec. 18.)

ORDER ~ 1

Based on Petitioner's offense and extensive criminal history, the Court sentenced him to seventy-seven (77) months imprisonment and three (3) years supervised release. The Ninth Circuit affirmed Petitioner's sentence on July 26, 2006. (Ct. Rec. 44.)

## II. Discussion

**A. Motion to Vacate, Set Aside, or Correct Sentence**

**1. Legal Standard - 28 U.S.C. § 2255**

Under section 2255, a court must vacate and set aside a judgment and discharge the prisoner, or resentence the prisoner, or grant a new trial, or correct the sentence, if the court finds any one of the following: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.  28 U.S.C. § 2255.

A district court must grant a hearing to determine the validity of a petition brought under section 2255 "unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotations omitted).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Id*.  Mere conclusory statements in a section 2255 motion are insufficient to

ORDER ~ 2

require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). The choice of method for handling a section 2255 motion is left to the discretion of the district court. *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (citations omitted).

**2. Equitable Tolling of Statute of Limitations**

Petitioner seeks equitable tolling of the statute of limitations because he has been repeatedly moved between different correctional centers. (Ct. Rec. 47 at 11.) The Government responds that Petitioner's section 2255 motion is timely. (Ct. Rec. 50 at 9.)

A motion under 28 U.S.C. § 2255 must be filed within one year from the date a judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1)(2007). A federal criminal conviction becomes final when the Supreme Court denies certiorari. *Clay v. United States,* 537 U.S. 522 (2003).

Here, the Supreme Court denied certiorari on November 27, 2006. (Ct. Rec. 51-8.) Because Petitioner filed this section 2255 motion on September 24, 2006, it is timely.

**3. Sixth Amendment Violation - § 1326(b) Enhancement**

Petitioner argues that the Court improperly applied a sixteen (16) level enhancement under § 1326(b) because his criminal history was neither alleged in the Indictment nor proved to a jury beyond a reasonable doubt. (Ct. Rec. 47 at 6.) The Government responds that Petitioner already raised this issue on direct appeal. (Ct. Rec. 50 at 2.)

A petitioner cannot relitigate in a section 2255 motion issues previously rejected on direct appeal. *United States v. Roane,* 378 F.3d 382, 397 (4th Cir. 2004). Here, the Court need not address Petitioner's

ORDER * 3

improper § 1326(b) enhancement argument because it was previously raised and rejected by the Ninth Circuit on direct appeal. (Ct. Rec. 44.)

Even if Petitioner's argument was properly before the Court in this section 2255 motion, this issue is foreclosed by Ninth Circuit precedent, which states: "a district court may enhance a sentence under § 1326(b) based on a prior conviction even if the fact of conviction was not charged in the indictment, submitted to a jury or proved beyond a reasonable doubt." *United States v. Narvaez-Gomez*, 489 F.3d 970, 977 (9th Cir. 2007) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998)). The Ninth Circuit's precedent specifically precludes arguments that recent Supreme Court decisions have overruled *Almendarez-Torres*. *See United States v. Covian-Sandoval*, 462 F.3d 1090, 1096-97 (9th Cir. 2006) (citing Ninth Circuit cases that rejected this argument). Based on Ninth Circuit precedent permitting § 1326(b) enhancements even if the prior conviction was neither charged in the indictment nor proved to a jury beyond a reasonable doubt, Petitioner is not entitled to relief. *See Blaylock*, 20 F.3d at 1465.

**4. Downward Departure for "First Time Offender"**

Petitioner asserts that the Court should have granted a downward departure at sentencing because this is his first § 1326 conviction. (Ct. Rec. 47 at 8.) The Government responds that Petitioner is procedurally barred from raising this issue in his section 2255 motion. (Ct. Rec. 50 at 4.)

Section 2255 provides recourse only "for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Perez,*

ORDER * 4

952 F.2d 908, 909 (4th Cir. 1992) (per curiam) (district court's failure to decrease sentence for acceptance of responsibility should have been raised on direct appeal and is not properly raised in a section 2255).

Here, Petitioner failed to argue either at sentencing or on direct appeal that he was entitled to a downward departure based on this being his first § 1326 conviction. Petitioner claims the reason he did not raise this argument on direct appeal is that "[he] did not know [he] could raise this issue based on [his] citizenship from [his] country and 'first time ofender [sic]' coming back illegally." (Ct. Rec. 47 at 8.)

It is unclear, however, what basis Petitioner relies on to support his argument that a downward departure was warranted because this was his first § 1326 conviction. To be sure, downward departures are available to certain persons who plead guilty to § 1326 under the early disposition "fast-track" program. But this program was not available when petitioner was sentenced and, even if it was, Petitioner's lengthy criminal history would have likely precluded him from such a program. Petitioner's failure to receive a downward departure neither amounts to a transgression of constitutional rights nor results in a miscarriage of justice because he has not demonstrated how his "first time ofender" [sic] status leads to a downward departure. Accordingly, Petitioner is not entitled to relief. *See Blaylock*, 20 F.3d at 1465.

**5. Downward Departure - Cultural Assimilation**

Petitioner argues that his lengthy residence, schooling, and employment in the United States warranted a downward departure at sentencing based on cultural assimilation. (Ct. Rec. 47 at 9.) The Government responds that Petitioner has culturally assimilated with a life of crime. (Ct. Rec. 50 at 7.)

ORDER * 5

A district court can depart from the Sentencing Guidelines on the basis of cultural assimilation only in extraordinary circumstances. *United States v. Lipman,* 133 F.3d 726 (9th Cir. 1998). A departure based on cultural assimilation is appropriate in § 1326 cases where a person is brought to the United States as a child, adapts to the American culture in a strong way and who, after deportation, returns to the United States for cultural rather than economic reasons. *United States v. Rivas-Gonzalez,* 384 F.3d 1034, 1044 (9th Cir. 2004).

Here, Petitioner did not appeal the Court's denial of his downward departure request based on cultural assimilation. Petitioner's section 2255 cultural assimilation argument, therefore, is akin to asking the Court to reconsider its previous denial. (Ct. Rec. 51-4 at 10.) As the Court previously articulated at Petitioner's sentencing, his extensive criminal history does not constitute cultural assimilation. Accordingly, Petitioner's arguments do not demonstrate that he is entitled to relief. *See Blaylock*, 20 F.3d at 1465.

**B. Motion for Appointment of Counsel**

Petitioner seeks an appointment of counsel. (Ct. Rec. 58.) The Government responds that Petitioner is not entitled to an appointment of counsel for a section 2255 motion. (Ct. Rec. 59.)

Here, Petitioner requests an appointment of counsel "on his direct appeal from a final judgment of the United States District Court." (Ct. Rec. 58.) After reviewing Petitioner's motion, however, the Court construes it as a request for appointment of counsel for his section 2255 motion. The Court declines to consider Petitioner's request for appointment of counsel because, as discussed, he has not demonstrated that he is entitled to relief. *See Blaylock*, 20 F.3d at 1465. Moreover,

ORDER * 6

there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding. *United States v. Angelone,* 894 F.2d 1129, 1130 (9th Cir. 1990).

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED:**

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence **(Ct. Rec. 47)** is **DENIED**;

2. Petitioner's Motion for Appointment of Counsel for Direct Appeal **(Ct. Rec. 58)** is **DENIED** as moot;

3. The criminal file and its civil companion case shall be closed.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to Respondent's counsel and Petitioner.

**DATED** this ___29th___ day of February, 2008.


                                             s/Edward F. Shea
                                             EDWARD F. SHEA
                                      United States District Judge

Q:\Criminal\2004\6036.2255.wpd

ORDER * 7